## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PETER LEARY,**

       **Plaintiff,**                **Case No.:**

**v.**

**GENERAL R.V. CENTER, INC.,**

       **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, PETER LEARY, by and through his undersigned counsel and sues the Defendant, GENERAL R.V. CENTER, INC. ("GENERAL R.V.") and states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, PETER LEARY, is an adult resident of Hillsborough County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

4.      Defendant, GENERAL R.V., is a Foreign Profit Corporation authorized and doing business in this Judicial District. At all times material, GENERAL R.V., employed Plaintiff. At all times material, GENERAL R.V. employed the requisite number of employees and, therefore, is an employer as defined by the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7.      Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9.      On November 12, 2021, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10.     On March 3, 2022, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11.     Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12.      Plaintiff is a 52-year-old male Pacific Islander with a disability.

13.     Specifically, Plaintiff was diagnosed with and suffers from End Stage Renal Disease, which requires dialysis and, ultimately, a kidney transplant.

14.     In or around early May 2020, Plaintiff began his employment with Defendant as a Finance/Business Manager working at Defendant's Dover, Florida location.

15.    Plaintiff's work schedule was Saturday (8:30 a.m. to 5:00 p.m.), Sunday (11:00 a.m. to 4:00 p.m.) and three days between Monday and Friday (8:30 a.m. to 6:00 p.m.).

16.    Plaintiff was a good employee and was consistently ranked in the middle of Defendant's sales rankings. Moreover, Plaintiff was never issued any formalized discipline, nor was Plaintiff informally warned of any deficiencies in his job performance.

17.    When Plaintiff started his employment with Defendant, Bryan Beck (Lead Business Manager) told Plaintiff that employees must do something "crazy" to get fired from the company.

18.    On Plaintiff's first day on the job, Arvid Lee (Senior Business Manager) told Plaintiff that he did not "O.K." any additional Asians working in the finance department. Shortly thereafter, Plaintiff's supervisors, Beck, Lee, and Justin Brown (Senior Sales Manager), repeatedly made racist and bigoted comments about Plaintiff, including, but not limited to: "gook," "midget," "pigmy," "dwarf," "munchkin," "half-pint," "lilliputian," "shortie," "elf," "vertically challenged," and "Oompa Loompa."

19.    Lee made the comments most frequently, then Brown and Beck.

20.     Plaintiff consistently told Lee, Beck, and Brown that it was "not cool" or ok to call him those names, would ask them: "are you done?" and would walk away when they started making the comments.

21.     Evan Crayder (Human Resources Manager) heard the comments on several occasions and told Beck, Lee, and Brown that they could not make those comments; however, the comments continued.

22.     Moreover, Loren Baidas (Owner) witnessed the racist and bigoted comments during his visits to the Defendant's Dover location, as well as the R.V. SuperShow in Tampa, but did not take action to stop the harassment and discrimination.

23.     With both human resources and ownership witnessing the behavior and doing nothing to stop it, Plaintiff felt that it would be futile for him to make an official complaint regarding the harassment and discrimination.

24.     On or about July 16, 2021, Plaintiff was hospitalized because of his End Stage Renal Disease. Plaintiff spent six (6) days in the hospital and immediately began dialysis on July 22, 2021.

25.     Plaintiff's dialysis appointments were four (4) hours long on Monday, Wednesday, and Friday.

26.     When Plaintiff returned to work after his hospital stay, Plaintiff met with Brown and his other managers regarding his dialysis and work schedule.

Plaintiff asked to be accommodated; specifically, to have his two days off during the week as Monday and Wednesday, as well as to leave early on Fridays (3:00 p.m.) as Plaintiff's dialysis was at 4:00 p.m.

27.    Plaintiff's request for accommodation was granted, but no one from Defendant offered leave under the Family and Medical Leave Act (FMLA) for Plaintiff's hospital stay or dialysis.

28.    As a result, Plaintiff's numbers started to drop slightly (Plaintiff nevertheless remained toward the middle of the pack and did not drop to the bottom) after he began dialysis, particularly since Plaintiff had to miss a few hours on Friday afternoon/evening, which is one of the busiest times at the dealership.

29.    Therefore, in mid-October 2021, Plaintiff requested an additional accommodation for his disability; namely, to start work at 11:00 a.m. on Fridays so he could work during the busy hours.  This would have required Plaintiff to start dialysis at 6:00 a.m. on Fridays, but Plaintiff was willing start his dialysis early in order to continue being a good employee for Defendant.

30.    As Plaintiff continued with his dialysis, Brown, on a regular basis, asked how long Plaintiff's dialysis was going to last, if Plaintiff was on a kidney transplant list, and how long the entire process would take.

31.     Brown also made an offensive joke about Plaintiff getting a kidney on the black market in South America so Plaintiff would not have to wait on a kidney transplant list.  Beck made similar comments, but not as frequently as Brown.

32.     On October 21, 2021, the same day that open enrollment began for health insurance, Plaintiff was terminated from his job with Defendant.  Crayder informed Plaintiff of his termination and told Plaintiff that it was for "performance," despite having never been warned about any performance issues. Crayder also mentioned that Plaintiff signed a contract, but this was the first that anyone mentioned any issue with a contract.

33.     Defendant replaced Plaintiff with someone outside of Plaintiff's protected classes.

**COUNT I**
**FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE**

34.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

35.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

36.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately

preceding his eligible FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

37.     Defendant is a covered employer under the FMLA in that it had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

38.     Plaintiff suffered from a serious health condition within the meaning of the FMLA.

39.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant failed to provide Plaintiff with leave under the FMLA (block and intermittent) for which Plaintiff was qualified.

40.     Defendant's actions constitute violations of the FMLA.

41.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.     Back pay and benefits;

b.     Prejudgment interest on back pay and benefits;

c.     Front pay and benefits;

d.     Liquidated damages;

e.     Attorneys' fees and costs;

f.     Injunctive relief; and

g.     For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

42.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

43.     Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq.*

44.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

45.     Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's End Stage Renal Disease substantially limited one or more major life activities and/or one or more major bodily functions.

46.     Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

47.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans

with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

48.     The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

49.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

50.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

51.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Prejudgment interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.     Attorneys' fees and costs;

      f.     Injunctive relief; and

      h.     For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA")
## DISABILITY/HANDICAP   DISCRIMINATION

52.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

53.    Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, *Fla. Stat.* §760, *et seq.*

54.    Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

55.    Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's End Stage Renal Disease substantially limited one or more major life activities and/or one or more major bodily functions.

56.    Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

57.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendant terminated Plaintiff's employment.

58.    The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

59.    Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

60.    Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

61.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Prejudgment interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e.    Attorneys' fees and costs;

f.    Injunctive relief; and

h.    For any other relief this Court deems just and equitable.

**COUNT IV**
**AMERICANS WITH DISABILITIES ACT – RETALIATION**

62.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

63.     Plaintiff engaged in protected activity under the Americans with Disabilities Act, as amended. Specifically, Plaintiff requested reasonable accommodations for his disability.

64.     Plaintiff suffered an adverse employment action for engaging in protected activities under the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

65.     Defendant's adverse employment action was causally connected to Plaintiff's engagement in protected activity.

66.     The above-described act of retaliation constitutes a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq.*

67.     Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

68.     Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

69.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

     a.     Back pay and benefits;

     b.     Prejudgment interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

     e.     Attorneys' fees and costs;

     f.     Injunctive relief; and

     g.     For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION

70.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

71.    Plaintiff engaged in protected activity under the Florida Civil Rights Act (FCRA). Specifically, Plaintiff requested reasonable accommodations for his disability.

72.    Plaintiff suffered an adverse employment action for engaging in protected activity under the FCRA. Specifically, Defendant terminated Plaintiff's employment.

73.    Defendant's adverse employment action was causally connected to Plaintiff's engagement in protected activity.

74.     The above-described act of retaliation constitutes a violation of the Florida Civil Rights Act, *Fla. Stat.* § 760, *et seq.*

75.     Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

76.     Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

77.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.     Back pay and benefits;

    b.     Prejudgment interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.     Attorneys' fees and costs;

    f.     Injunctive relief; and

    g.     For any other relief this Court deems just and equitable.

### COUNT VI
### <u>42 U.S.C. § 1981 DISCRIMINATION</u>

78.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

79.     Plaintiff is a member of a protected class; specifically, Plaintiff's race/ethnicity is Pacific Islander.

80.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race by terminating Plaintiff's employment.

81.     Defendant's adverse employment act toward Plaintiff was motivated by race-based considerations.

82.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

83.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

84.     Defendant knew or should have known of the discrimination.

85.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering,

e.  Punitive damages;

f.  Attorneys' fees and costs;

g.  Injunctive relief;

h.  For any other relief this Court deems just and equitable.

## COUNT VII
## TITLE VII – RACE/NATIONAL ORIGIN DISCRIMINATION

86.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

87.  Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"). Specifically, Plaintiff race/ethnicity is Pacific Islander.

88.  By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race/national origin by terminated Plaintiff's employment.

89.  Defendant's adverse employment act toward Plaintiff was motivated by race/national origin-based considerations.

90.  Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

91.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

92.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotional pain and suffering,

    e.     Punitive damages;

    f.     Attorneys' fees and costs;

    g.     Injunctive relief;

    h.     For any other relief this Court deems just and equitable.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT –
## RACE/NATIONAL ORIGIN DISCRIMINATION

93.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

94.     Plaintiff is a member of a protected class under Florida Civil Rights Act.  Specifically, Plaintiff's race/ethnicity is Pacific Islander.

95.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race/national origin by terminating Plaintiff's employment.

96.    Defendant's adverse employment act toward Plaintiff was motivated by race-based considerations.

97.    Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

98.    Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

99.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering,

e.    Punitive damages;

f.    Attorneys' fees and costs;

g.    Injunctive relief;

h.     For any other relief this Court deems just and equitable.

## COUNT IX
## 42 U.S.C. § 1981 — HARASSMENT

100.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

101.   Plaintiff is a member of a protected class under 42 U.S.C. § 1981. Specifically, Plaintiff's race/ethnicity is Pacific Islander.

102.   The aforementioned actions by Lee, Beck and/or Brown constitute unwelcome race/national origin harassment.

103.   The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

104.   Defendant knew or should have known of the harassment of Plaintiff.

105.   The aforementioned actions created a hostile environment and constitute discrimination on the basis of race/national origin, in violation of 42 U.S.C. § 1981.

106.   The race/national origin harassment and conduct of Lee, Beck, and/or Brown created a hostile work environment which interfered with Plaintiff's ability to perform his job.

107.   Defendant's actions were intentional and encouraged an environment where degradation based on race/national origin was common and tolerated.

108.   Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

109.   As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

   a.   Back pay and benefits;

   b.   Prejudgment interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

   e.   Punitive damages;

   f.   Attorneys' fees and costs;

   g.   Injunctive relief; and

   h.   For any other relief this Court deems just and equitable.

## COUNT X
## TITLE VII—RACE/NATIONAL ORIGIN HARASSMENT

110.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

111.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII"). Specifically, Plaintiff's race/ethnicity is Pacific Islander.

112.    The aforementioned actions by Lee, Beck, and/or Brown constitute unwelcome race/national origin-based harassment.

113.    The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

114.    Defendant knew or should have known of the harassment of Plaintiff.

115.    The aforementioned actions created a hostile environment and constitute discrimination on the basis of race/national origin in violation of Title VII.

116.    The racial/national origin harassment and conduct of Lee, Beck, and/or Brown created a hostile work environment which interfered with Plaintiff's ability to perform his job.

117.    Defendant's actions were intentional and encouraged an environment where degradation based on race/national origin was common and tolerated.

118.    Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

119.   As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief this Court deems just and equitable.

## COUNT XI
## FLORIDA CIVIL RIGHTS ACT —
## RACE/NATIONAL ORIGIN HARASSMENT

120.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

121.   Plaintiff is a member of a protected class under the Florida Civil Rights Act (FCRA), Chapter 760, *Florida Statutes*. Specifically, Plaintiff's race/ethnicity is Pacific Islander.

123.   The aforementioned actions by Lee, Beck, and/or Brown constitute unwelcome race/national origin-based harassment.

124.    The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

125.    Defendant knew or should have known of the harassment of Plaintiff.

126.    The aforementioned actions created a hostile environment and constitute discrimination on the basis of race/national origin in violation of the FCRA.

127.    The racial/national origin harassment and conduct of Lee, Beck, and/or Brown created a hostile environment which interfered with Plaintiff's ability to perform his job.

128.    Defendant's actions were intentional and encouraged an environment where degradation based on race/national origin was common and tolerated.

129.    Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

130.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.     Back pay and benefits;

    b.     Prejudgment interest on back pay and benefits;

    c.     Front pay and benefits;

    d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.      Attorneys' fees and costs;

    f.      Injunctive relief; and

    g.      For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

131.    Plaintiff, PETER LEARY, demands a trial by jury on all issues so triable.

    **DATED** this 27th day of May 2022.

                 **FLORIN GRAY BOUZAS OWENS, LLC**

                 *Gregory A. Owens*
                 **GREGORY A. OWENS, ESQUIRE**
                 Florida Bar No.: 51366
                 greg@fgbolaw.com
                 **WOLFGANG M. FLORIN, ESQUIRE**
                 Florida Bar No.: 907804
                 wolfgang@fgbolaw.com
                 16524 Pointe Village Drive, Suite 100
                 Lutz, Florida 33558
                 (727) 254-5255
                 (727) 483-7942 (fax)
                 *Trial Attorneys for Plaintiff*